# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

ANGELA V. SMITH,

               Plaintiff(s),

v.

KILOLO KIJAKAZI,
Commissioner of Social Security,


               Defendant(s).

2:20-cv-00710-APG-VCF

**REPORT AND RECOMMENDATION**

Before me is *Angela V. Smith v. Kilolo Kijakazi*, Commissioner of Social Security, case number 2:20-cv-00710-APG-VCF.

This case commenced on April 16, 2020, when pro se Plaintiff Angela V. Smith filed an IFP Application. The IFP application was granted and the Complaint for review of a social security disability or supplemental security income decision was filed on April 24, 2020. (ECF No. 1, 4). Defendant answered on October 15, 2020. (ECF No. 28). The Order concerning review of Social Security cases which set the timing for when plaintiff must file the motion to remand/reversal was entered on August 11, 2020. (ECF No. 17).

Plaintiff has requested multiple extensions to file her motion to remand/reversal. I granted the first extension on September 9, 2020. (ECF No. 23). The second extension was granted on October 2, 2020. (ECF No. 26). A hearing was held on November 9, 2020 to address plaintiff's third request for extension. (ECF No. 36). On December 30, 2020, Plaintiff filed a fourth motion for extension of time to file her motion to remand/reversal. (ECF NO. 37). I granted the fourth motion for extension of time. (ECF No. 38). On February 19, 2021, Plaintiff sought a fifth request for extension of time and I granted Plaintiff's fifth request. (ECF No. 39, 40). On March 18, 2021, Plaintiff filed a sixth motion requesting extension of time. (ECF No. 41). A hearing was held on the sixth motion on April 16, 2021. (ECF No. 43). On

June 15, 2021, I held an in-person status hearing and referred this matter to the pro bono program. (ECF No. 44, 45).

I scheduled a status hearing for August 6, 2021 after learning that Legal Aid Center of Southern Nevada has not been able to contact Plaintiff regarding pro bono placement.   (ECF NO. 46).

On August 6, 2021, I held a status hearing and Plaintiff failed to appear for the hearing. (ECF No. 47). I set a show cause hearing for September 27, 2021 at 10:00 AM. (ECF No. 48). Due to a conflict on the calendar, the show cause hearing was changed in time only to 2:00 PM, September 27, 2021. (ECF No. 50). On September 27th, the courtroom doors were opened at 10:00 AM in case Plaintiff did not get notice of the Order changing the hearing time. Plaintiff did not appear at 10:00 AM. I held the show cause hearing at 2:00 PM, September 27th. Plaintiff failed to appear at the show cause hearing. (ECF NO. 51).

Pursuant to Local Rule IA 11-8, "[t]he Court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who, without just cause: (a) Fails to appear when required for pretrial conference, argument on motion, or trial; (b) Fails to prepare for a presentation to the Court; (c) Fails to comply with these Rules; or, (d) Fails to comply with any order of this Court."

The Court has clear authority to dismiss the case for failure to cooperate in the progress of the litigation. "This power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of the Defendant." *Mederios v. United States*, 621 F.2d 468, 470 (1st Cir. 1980). To be sure, "[all litigants, including *pro ses*, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)(per curiam). Thus, when they flout the obligation to comply with court orders they, like all litigants, must suffer the consequences of their non-compliance.  See *McDonald v. Miegel*, 850 F.2d 121, 124 (2d Cir. 1988). Further, the Court need not always exhaust every sanction short of dismissal before final action. *Edelson v. Commissioner*, 829 F.2d 828, 831 (9th Cir. 1987). Such a decision lies within the discretion of this Court. See *National Hockey*

*League v. Metropolitan Hockey Club. Inc.*, 427 U.S. 639, 642 (1976); *Link v. Wabash R. Co.*, 370 U.S. 628 (1962) (affirming district court's dismissal under Rule 41(b) after plaintiff's attorney failed to appear at a pretrial conference).

Here, Plaintiff failed to comply with the Court's Order (ECF No. 46, 48, and 50).  Plaintiff failed to appear for the hearings held on August 6, 2021 and September 27, 2021.  She failed to respond to the show cause order.  Plaintiff has not made an appearance or a filing on the docket in this case since June 15, 2021.  It appears that Plaintiff has abandoned this case.

Accordingly,

IT IS HEREBY RECOMMENDED that this case be dismissed for failure to comply with Court Orders (ECF No. 46, 48, and 50) and for failure to prosecute.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

The Court Clerk is directed to mail and email a copy of this order to Plaintiff.

DATED this 28th day of September, 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE